**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CESAR ALFREDO MONTERO MORA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2198-D** |
| **DON JONES, et al.,** | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Montero Mora, a noncitizen[1] proceeding with counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondents moved to dismiss, Doc. 14, and Petitioner filed a response, Doc. 15. Respondents also filed the transcript of Petitioner's bond hearing, Doc. 18, pursuant to this Court's order. Docs. 16, 17. So, the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

For the reasons below, the undersigned recommends that the Court **DENY** the petition.[2]

## I. Factual background and procedural history.

Petitioner is a citizen of Venezuela who entered the United States on September 8, 2023 through the U.S. Customs and Border Protection (CBP) One program. Doc. 1, Ex. 1, at 2. On that same date, Petitioner was granted humanitarian parole, and the Department of Homeland Security (DHS) initiated removal proceedings against him by issuing a Notice to Appear. *Id.*; *see also* Doc. 1, at 7. On August 30, 2024, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal. *See* Doc. 1, at 7; *id.* Ex. 4.

On April 11, 2025, DHS revoked Petitioner's humanitarian parole. Doc. 1, Ex. 5, at 2-3. Petitioner remained in the United States to pursue his pending asylum application. Doc. 1, at 7. On February 12, 2026, during a routine check-in, Immigration and Customs Enforcement (ICE) detained Petitioner. *Id.* Ex. 3, at 2-3. Petitioner was placed at the Kay County Detention Center in

[2] Based on the undersigned's recommendation below, the undersigned recommends that the Court not address the arguments made in Respondents' motion to dismiss and consider said motion to be moot.

Newkirk, Oklahoma, where he remains detained.[3] Doc. 1, at 8; Doc. 14, Ex. 1. On March 3, 2026, Petitioner appeared before Immigration Judge Jacinto Palomino (IJ Palomino) for a custody redetermination hearing. Doc. 1, Ex. 7, at 2. On that same date, IJ Palomino denied Petitioner's request to be released on bond because he considered Petitioner an arriving alien under 8 U.S.C. § 1225(b)(2)(A). *See id.*; *see also* Doc. 1, at 8.

On April 14, 2026, Petitioner filed a petition for a writ of habeas corpus with the Court. *See Montero Mora v. Kelley*, No. 5:26-cv-00803-D, Doc. 1 (W.D. Okla. Apr. 14, 2026) (*Montero Mora I*). On April 29, 2026, the Court granted Petitioner's writ, finding that he is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing. *Id.* Doc. 12, at 3-4. On that same date, IJ Palomino conducted a second bond hearing where he rejected the Court's order, found that Petitioner remained an arriving alien and that the Immigration Court lacked jurisdiction to release him on bond. Doc. 1, Ex. 8, at 2; *see also id.* Ex. 9, at 4 ("[Petitioner] is not looking for bond, regardless of what the district court says about a bond hearing. So, I would have a bond hearing, and then I'd probably deny it, because he's an arriving alien."). IJ Palomino also denied Petitioner's applications for immigration relief and ordered him removed. Doc.

---

[3] *See* USCIS, Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited Nov. 12, 2026).

14, Ex. 2, at 1, 3. On May 1, 2026, Petitioner appealed IJ Palomino's decision to the Board of Immigration Appeals (BIA). Doc. 1, Ex. 16, at 3. Petitioner's appeal remains pending and his removal order is not administratively final.[4] *See* 8 C.F.R. § 1241.1.

On May 4, 2026, at DHS's request, IJ Palomino conducted a third bond hearing, where he again found that Petitioner was an arriving alien and that the Immigration Court lacked jurisdiction to review his bond request. *See* Doc. 1, at 10; *id.* Ex. 10, at 2. On May 6, 2026, at DHS's request, IJ Palomino conducted a fourth bond hearing. *See* Doc. 1, at 10; *id.* Ex. 11, at 2. On that same date, IJ Palomino also found that Petitioner was a flight risk because he was ordered removed and has no other form of immigration relief available to him. Doc. 1, Ex. 11, at 2.

On May 19, 2026, DHS filed a motion to reconsider with the Immigration Court because it believed that IJ Palomino may not have complied with the Court's order and asked the Immigration Court to "reconsider its determination of denial of bond and provide a more detailed explanation that [Petitioner] is a flight risk." *Id.* Ex. 13, at 3-4. On May 20, 2026, IJ Samuel Williams (IJ Williams) conducted the hearing and denied Petitioner's bond

---

[4] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 10, 2026).

request on the merits, finding that he constituted a flight risk. *Id.* Ex. 14, at 2. On August 20, 2026, Petitioner filed the instant petition with the Court. Doc. 1.

## II. Petitioner's claims.

Petitioner alleges, relying on the three-factor test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that his detention is unlawful because it is unreasonably prolonged and he has not been provided a constitutionally adequate bond hearing. *Id.* at 27-31, 35-36. Petitioner asserts these circumstances have resulted in a violation of his procedural due process rights. *Id.* at 35-36. Petitioner requests the Court, in relevant part, to order his immediate release under reasonable conditions of supervision. *Id.* at 36. Alternatively, Petitioner asks the Court to order a constitutionally adequate bond hearing where Respondents bear the burden of proving that Petitioner is a flight risk or danger to the community and order an IJ to consider whether less restrictive alternatives to detention exist and Petitioner's ability to pay bond. *Id.* at 36-37.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S.

475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner is not entitled to habeas relief.

The parties do not dispute that Petitioner's detention is governed by § 1226(a) and that he is eligible to be released on bond. Doc. 1, at 3; Doc. 14, at 3, 5; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1227, 1237 (10th Cir. 2026) (finding that noncitizens subject to § 1226(a) were eligible for bond). The parties also do not dispute that Petitioner has received five bond hearings. Doc. 1, at 8-11; Doc. 14, at 3-5. Instead, Petitioner alleges that none of these bond hearings were constitutional and failed to conform with due process. Doc. 1, at 27-31, 35-36. For the reasons below, the undersigned disagrees and finds that the *Mathews* factors weigh in Respondents' favor.

### A. Petitioner's procedural due process rights have not been violated.

The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due

process of law." U.S. Const. amend. V. This includes noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Under *Mathews*, the Court must consider and balance: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335; *see also Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

**1. Petitioner's private liberty interest.**

First, Petitioner's interest in his physical freedom from immigration detention is among "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). The Supreme Court has recognized that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Thus, the first *Mathews* factor weighs in Petitioner's favor.

### 2. Risk of erroneous deprivation through the procedures used and the value of additional or substitute safeguards.

Second, the procedures used to adjudicate Petitioner's bond requests did not erroneously deprive him of his due process rights. Petitioner received five separate bond hearings, the initial four conducted by IJ Palomino, Doc. 1, Exs. 7-8, 10-11, and the fifth by IJ Williams, *id.* Ex. 14. The constitutional deficiencies in the proceedings conducted by IJ Palomino are apparent. In three of these proceedings, IJ Palomino characterized Petitioner as an arriving alien under 8 U.S.C. § 1225(b)(2)(A), twice defying the Court's order from *Montero Mora I*. *Id.* Exs. 7-8, 10. In the fourth hearing, IJ Palomino found that Petitioner was a flight risk, but continued to improperly characterize Petitioner as an arriving alien. *Id.* Ex. 11. Through their requests for additional hearings and their motion to reconsider, Respondents recognized that IJ Palomino's conduct likely remained at odds with the Court's prior order. *Id.* Ex. 13; *see also* Doc. 1, at 10.

By contrast, the bond hearing conducted by IJ Williams on May 20, 2026, is facially constitutional.[5] Petitioner alleges that IJ Williams improperly

---

[5] Although the Court lacks jurisdiction to "consider a habeas petitioner's challenge to the decision to either grant or deny bond," *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026), it retains "habeas jurisdiction over constitutional claims or questions of law,"

denied his release on bond through a "cursory and scripted analysis provided by DHS." Doc. 1, at 30. However, Respondents did not provide the IJ with a script or order the IJ to conduct his analysis in a particular way. *Id.* Ex. 13, at 2-3. Rather, Respondents only asked the IJ to clarify and explain the reasoning behind Petitioner's prior denial. *Id.*

IJ Williams made an individualized analysis as to why Petitioner was considered a flight risk, noting that he was ordered removed, that the relief he is pursuing is speculative, that he has insufficient ties to the United States, and that he did not have a sponsor that could financially support him. *Id.* Ex. 14, at 2; Doc. 18, Ex. 1, at 11. Plaintiff was represented by counsel and IJ Williams heard evidence about his family history, pending asylum claim, work history and community involvement. Doc. 18, Ex. 1, at 4-7. IJ Williams' decision rested on at least some of the *In re Guerra* factors. 24 I. &. N. Dec. 37, 40 (B.I.A. 2006) (permissible factors include "(2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States

---

*Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026), relating to a bond hearing. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) (The "clear text [of § 1226(e)] does not bar [a Petitioner's] constitutional challenge[.]"); *see also* 8 U.S.C. § 1226(e).

in the future; (4) the alien's employment history . . . ."). IJs possess "broad discretion in deciding the factors he or she may consider in custody redeterminations." *Arafat v. Warden, Diamondback Corr. Facility*, No. CIV-26-1926-R, 2026 WL 3001017, at *2 (W.D. Okla. Oct. 6, 2026) (quoting *In re Guerra*, 24 I. &. N. Dec. 37, 40 (B.I.A. 2006)). Thus, the undersigned concludes that the hearing comported with due process because it provided an individualized determination as to why Petitioner should remain detained.[6] *Id.*; *see also Santillan Quiroz*, 180 F.4th at 1249 ("[D]ue process requires that, whenever the Government detains somebody, it must have a good reason for doing so.").

Petitioner also alleges that it was improper for both IJs to place the burden of proof on him to demonstrate that he is not a danger to the community or that he is not a flight risk. Doc. 1, at 29-30. However, "under current BIA precedent, a noncitizen detained under section 1226(a) must demonstrate to

---

[6] Ultimately, Petitioner takes issue with how IJ Williams weighed the evidence, which the Court lacks jurisdiction to review. *See* 8 U.S.C. § 1226(e); *see also Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025) ("Any challenge to the IJ's bond determination seeks review of a discretionary judgment that § 1226(e) expressly bars."); *Adejola v. Barr*, 439 F. Supp. 3d 120, 130 (W.D.N.Y. 2020) (finding that arguments that the IJ assessed the evidence incorrectly or improperly weighed particular aspects of the record fall beyond the court's jurisdiction).

the satisfaction of the [IJ] that he or she merits release on bond, even though section 1226(a) does not explicitly contain such a requirement. To do so, the noncitizen must prove that he or she is neither a danger to the community nor a flight risk." *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021) (cleaned up). In comparable cases, courts in this District have rejected requests to shift the burden to the government. *See Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 4-5 (W.D. Okla. July 24, 2026), *Pupo Socarras v. Figueroa*, No. CIV-26-571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, No. CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026). Thus, the undersigned concludes that the IJ Williams correctly assigned the burden of proof to Petitioner.[7]

In sum, the procedures that IJ Williams applied in denying Petitioner bond were constitutionally sufficient and did not lead to an erroneous deprivation of his procedural due process rights. Thus, the second *Mathews* factor weighs in Respondents' favor.

**3. Government's interest.**

---

[7] With this reasoning, the undersigned also concludes that ordering an additional bond hearing where the Government bears the burden of proof would not be a suitable procedural safeguard.

Third, the Government's interest here is in ensuring Petitioner's appearance during the remaining removal proceedings and his availability for removal if the removal order becomes administratively final. "The prompt execution of removal orders is a legitimate government interest, which detention may facilitate." *Amouri v. Figueroa*, No. CIV-26-1054-SLP, 2026 WL 2282975, at *8 (W.D. Okla. July 2, 2026) (quoting *Hernandez-Lara*, 10 F.4th at 32), *report and recommendation adopted in part*, No. CIV-26-1054-SLP, 2026 WL 2170428 (W.D. Okla. July 28, 2026). Although the Government "has no legitimate interest 'in the prolonged detention of noncitizens who are neither dangerous nor a risk of flight,'" an IJ conducted an individualized determination concerning Petitioner and found that he constituted a flight risk. *Id.* (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020)); *see also* Doc. 1, Ex. 14. The relevant question is whether the May 20, 2026 hearing afforded Petitioner constitutionally adequate procedures, notwithstanding the deficiencies in the earlier proceedings. And having concluded above that hearing comported with due process, ordering a sixth hearing would needlessly expend the judicial resources of both the Court and EOIR. Thus, the third *Mathews* factor weighs in Respondents' favor.

Thus, the undersigned finds that Petitioner's procedural due process rights have not been violated.

## V. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court deny the petition for habeas relief. Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 4, 2026 in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 20th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE